Citation Nr: 1736721 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 10-21 000 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Seattle, Washington


THE ISSUE

Entitlement to service connection for bilateral hearing loss disability.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Thaddaeus J. Cox, Associate Counsel


INTRODUCTION

The Veteran served on active duty from August 1972 to October 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO), in Seattle, Washington.

The Veteran testified before the undersigned Veterans Law Judge at a Board Hearing at the RO in September 2013. A transcript of that hearing is of record.

In February 2014, the Board remanded this matter to the RO for additional development to determine the nature and etiology of any bilateral hearing loss.

The Board again remanded this matter for additional development in December 2016. That remand requested an examination and opinion by an ear, nose, and throat (ENT) doctor. That remand also required the examiner to review several medical studies which researched and discussed the long term effects of noise exposure on humans, and then comment on the impact, if any, of that research and the Veteran's case.

A remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand orders. The Board finds that there has not been substantial compliance with the December 2016 remand. Stegall v. West, 11 Vet. App. 268 (1998). Accordingly, this matter must be remanded.


REMAND

Although further delay is regrettable, the issues of entitlement to service connection for bilateral hearing loss must be remanded for further development. Where VA provides an examination or obtains an opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). 

The Veteran's representative contends that bilateral hearing loss began during service and has gradually worsened since service. The representative contends that the Veteran had normal hearing on entry to service, and then mild hearing loss at separation. The representative contends that the Veteran's service caused the mild hearing loss at separation, which has progressed to the present levels of hearing loss. The representative cited several medical studies which addressed the connection between noise exposure and gradual hearing loss with age.

A January 2017 VA audiology examination was conducted by an audiologist, and not an ENT physician as requested in the remand instructions. That examination confirmed bilateral hearing loss for VA purposes. The examiner noted a shift in hearing during service, but opined that hearing loss in a range of 10 to 25 decibels was normal for a twenty year old. The examiner stated that the Veteran's level of hearing loss from service separation to the present did not conform to the course of noise-induced hearing loss. However, the examiner did not provide any citations to the research which established that course of noise-induced hearing loss. Additionally, there is no indication that the examiner reviewed and considered the medical research cited in the representative's appellate brief.

Since the examiner did not comply with the terms of the December 2016 remand, an additional remand is necessary to obtain a medical opinion in compliance with the remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA audiology examination with an ear, nose, and throat (ENT) medical doctor. The examiner should review the claims file and note that review in the report. The examiner should review the medical research cited in the representative's appellate brief (Acceleration of Age-Related Hearing Loss by Early Noise Exposure: Evidence of a Misspent Youth; Adding Insult to Injury: Cochlear Nerve Degeneration After "Temporary" Noise-Induced Hearing Loss; and Noise-Induced Cochlear Neuropathy is Selective for Fibers with Low Spontaneous Rates; authored by doctor S. Kujawa and published by the Journal of Neuroscience), and discuss whether the findings in that research literature applies to the Veteran's facts. The examiner should also review the VA sponsored Institute of Medicine's Noise and Military Service study, and discuss why the Veteran's case is or is not distinguishable from the study's findings that slight hearing loss at a high level of Hertz in a young adult can progress greater with age to moderate hearing loss as an elderly adult, as a result of that slight loss as a young adult. The examiner should provide an opinion as to whether it is at least as likely as not (50 percent or greater probability) that the current hearing loss is related to, caused by, or aggravated by service or noise exposure during service. The examiner should provide a basis and reasoning, other than the lack of service medical records for hearing loss, to support the opinion. The examiner should confirm being an ENT medical doctor.

2. Then, readjudicate the claim. If the decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).